AO 245B (Rev. 02/18)  Judgment in a Criminal Case
                      Sheet 1

**FILED**
**MAY 10 2019**
**Clerk, U.S. District and Bankruptcy Courts**

## UNITED STATES DISTRICT COURT
District of Columbia

UNITED STATES OF AMERICA )
v. )
Arnold S. Boon )
)
)
)
)
)
)

**JUDGMENT IN A CRIMINAL CASE**

Case Number: 18 cr 78 (PLF)

USM Number: 35630-007

Jonathan S. Zucker, Esq.
Defendant's Attorney

**THE DEFENDANT:**

☑ pleaded guilty to count(s)    One (1) and Three (3) of the Superseding Indictment

☐ pleaded nolo contendere to count(s)
  which was accepted by the court.

☐ was found guilty on count(s)
  after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC § 1992(g)(1) | Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a term Exceeding One Year | 3/17/2018 | 1ss |

    The defendant is sentenced as provided in pages 2 through _____ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☑ Count(s)   underlying          ☐ is    ☑ are dismissed on the motion of the United States.

    It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

5/2/2019
Date of Imposition of Judgment

*[signature]*
Signature of Judge

Paul L. Friedman, United States District Court Judge
Name and Title of Judge

May 9, 2019
Date

Judgment—Page  2  of  ____

DEFENDANT: Arnold S. Boon
CASE NUMBER: 18 cr 78 (PLF)

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC § 1951 and 2 | Interference with Interstate Commerce by Robbery and Aiding and Abetting | 1/19/2018 | 3ss |

AO 245B (Rev. 02/18) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page __3__ of ____

DEFENDANT: Arnold S. Boon
CASE NUMBER: 18 cr 78 (PLF)

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

Counts 1ss and 3ss: 92 Months of Imprisonment on each count to run concurrently.

☑ The court makes the following recommendations to the Bureau of Prisons:

The court recommends that defendant be designated to FCI Petersburg, or a facility as close as possible to the DC Metro Area.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

  ☐ at _____ ☐ a.m. ☐ p.m. on _____.

  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐ before 2 p.m. on _____.

  ☐ as notified by the United States Marshal.

  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 02/18) Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page __4__ of ____

DEFENDANT: Arnold S. Boon
CASE NUMBER: 18 cr 78 (PLF)

# SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:

    Counts 1ss and 3ss: 3 Years on each count to run concurrently.

# MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☑ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☐ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (Rev. 02/18) Judgment in a Criminal Case
Sheet 3A — Supervised Release

Judgment—Page __5__ of _____

DEFENDANT: Arnold S. Boon
CASE NUMBER: 18 cr 78 (PLF)

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____   Date _____

DEFENDANT: Arnold S. Boon
CASE NUMBER: 18 cr 78 (PLF)

# SPECIAL CONDITIONS OF SUPERVISION

Restitution Obligation - Defendant Boon shall pay $100 per month towards any restitution owed commencing within 60 days of placement on supervision.

Financial Information Disclosure - Defendant Boon shall provide the Probation Office with access to any requested financial information and authorize the release of any financial information. The Probation Office may share financial information with the U.S. Attorney's Office.

Financial Restrictions - Defendant Boon must not incur new credit charges, or open additional lines of credit without the approval of the probation office.

Reentry Progress Hearing - Within Sixty (60) days of release from incarceration or placement on supervision, defendant Boon shall appear before the court for a re-entry progress hearing. Prior to the hearing, the probation officer will submit a report summarizing his status and compliance with release conditions. If supervised by a district outside of the Washington, DC metropolitan area, the U.S. Probation Office in that district will submit a progress report to the court within 60 days of the commencement of supervision. Upon receipt of the progress report, the Court will determine if defendant's appearance is required.

**The Probation Office shall release the presentence investigation report to all appropriate agencies in order to execute the sentence of the court**

DEFENDANT: Arnold S. Boon
CASE NUMBER: 18 cr 78 (PLF)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|         | Assessment | JVTA Assessment* | Fine   | Restitution   |
|---------|------------|------------------|--------|---------------|
| TOTALS  | $ 200.00   | $ 0.00           | $ 0.00 | $ 154,340.86  |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☑ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Payments to be made to the Clerk of Court for the U.S. District Court, District of Columbia, for disbursement to the following victims: | | | |
| 1) U.S. National Bank, NA<br>425 Walnut Street<br>Cincinatti, OH 45202 | $130,640.00 | $130,640.00 | |
| 2) David Leaks<br>2701 Q Street, SE<br>Washington, Dc 20020 | $3,562.77 | $3,562.77 | |
| **See Pg 7 for Additional Payee Information* | | | |
| TOTALS | $ 154,340.86 | $ 154,340.86 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

 ☐ the interest requirement is waived for the ☐ fine ☐ restitution.

 ☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Judgment—Page __8__ of ____

DEFENDANT: Arnold S. Boon
CASE NUMBER: 18 cr 78 (PLF)

## ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| 3) 7-Eleven | $15,766.30 | $15,766.30 | |
| c/o Carol G. Smith | | | |
| 33 Patton Drive | | | |
| Newport News, VA 23606 | | | |
| | | | |
| 4) FCTI, Inc. | $4,371.79 | $4,371.79 | |
| 11766 Wilshire Blvd - Suite 1100 | | | |
| Los Angeles, CA 90025 | | | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: Arnold S. Boon
CASE NUMBER: 18 cr 78 (PLF)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A ☑ Lump sum payment of $ __154,540.86__ due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

B ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☑ Special instructions regarding the payment of criminal monetary penalties:

    Special Assessment of $200.00, and restitution of $154,340.86 are immediately payable to the Clerk of Court for the U.S. District Court, District of Columbia. Within 30 days of any change of address, defendant Boon shall notify the Clerk of the Court of the change until such time as the financial obligation is paid in full.

(See Attached Order of Forfeiture)

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:
Defendant Boon shall forfeit any firearms & ammunition involved in or used in the knowing or willful commission of the offense, including a Springfield Armory .45 caliber semi-automatic pistol and .45 caliber ammunition.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA, :
:
v. : Criminal No. 18-0078 (PLF)
:
ARNOLD BOON, :
:
Defendant. :

### CONSENT ORDER OF FORFEITURE

**WHEREAS**, a written plea agreement was filed with this Court and signed by the defendant, Arnold Boon, and his counsel, Jonathan Zucker, Esquire, in which defendant Boon agreed to plead guilty to Count Three of the Superseding Indictment, charging the offense of Interference with Interstate Commerce by Robbery, in violation of Title 18, United States Code, Section 1951, and the defendant has pled guilty to that offense;

**WHEREAS**, the Superseding Indictment alleged the forfeiture of property, that is, the forfeiture of any property, real or personal, which constitutes or is derived from proceeds traceable to the offense alleged in Count Three, which property is subject to forfeiture, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c);

**WHEREAS**, the Superseding Indictment further alleged that the United States will seek a forfeiture money judgment against the defendant equal to the value of any property, real or personal, which constitutes or is derived from proceeds traceable to the offense alleged in Count Three;

**WHEREAS**, in his plea agreement, the defendant agreed to the forfeiture of the above property and the entry of a forfeiture money judgment in the amount of $130,640.00;

**WHEREAS**, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, this Court determines, based upon the evidence and information before it, including the defendant's

plea agreement, that any property, real or personal, which constitutes or is derived from proceeds traceable to the offense alleged in Count Three, is subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), and that a personal money judgment against the defendant is appropriate, as set forth below;

**WHEREAS**, pursuant to Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, this Court determines, based on the evidence set forth during defendant's plea hearing, that entry of a forfeiture money judgment against the defendant and in favor of the United States in the amount of $130,640.00 is appropriate insofar as this property is subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c);

**WHEREAS**, Title 21, United States Code, Section 853(p) authorizes the forfeiture of substitute property;

**WHEREAS**, the defendant has admitted that the proceeds he personally obtained have been dissipated by him and cannot be located upon the exercise of due diligence; have been transferred or sold to, or deposited with, a third party; and/or have been placed beyond the jurisdiction of the Court;

**WHEREAS**, upon entry of a forfeiture order, Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure authorizes the Attorney General or a designee to conduct any discovery the Court considers proper in identifying, locating, or disposing of property subject to forfeiture;

### *NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED*:

1. That the following property is declared forfeited to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c): any property, real or personal, which constitutes or is derived from proceeds traceable to the offense alleged in Count Three.

2. A forfeiture money judgment in the amount of $130,640.00 is entered against the defendant and in favor of the United States.

3. The Court finds that the proceeds that the defendant personally obtained as a result of the offense to which he has pled guilty have been dissipated by him and cannot be located upon the exercise of due diligence; have been transferred or sold to, or deposited with, a third party; and/or have been placed beyond the jurisdiction of the Court;

4. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

5. That pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure and the defendant's consent, this Order of Forfeiture is now final as to the defendant, and shall be made part of the sentence and included in the judgment.

6. The Attorney General or a designee, pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, is authorized to conduct any discovery to identify, locate, or dispose of property subject to this Order.

7. The Clerk of the Court shall forward a certified copy of this Order to USADC.AFMLS2@usdoj.gov.

Dated this _____ day of _____, 2019.

PAUL L. FRIEDMAN
District Judge
United States District Court for the
District of Columbia

WE ASK FOR THIS:

JESSIE K. LIU
United States Attorney

STEVEN B. WASSERMAN,
Assistant United States Attorney
Violent Crime and Narcotics Trafficking Section
Assistant United States Attorney
D.C. Bar No. 453251
555 Fourth Street, N.W.
Washington, D.C. 20530
202-252-7719

Arnold Boon
Defendant

Jonathan Zucker, Esquire
Counsel for Defendant